UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| LOCO BRANDS, LLC d/b/a DIRECT TEK, § § § § Plaintiff, § § v. § Case No. 6:20-cv-388-JDK-KNM § FRONTIER COMMUNICATIONS § CORPORATION, § § Defendant. § § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendant Frontier Communications Corporation's motion for judgment on the pleadings, or in the alternative, motion for reconsideration of summary judgment. Docket No. 285. This case has been referred to U.S. Magistrate Judge K. Nicole Mitchell for all pretrial purposes.

In its motion, Defendant argues that the Fifth Circuit's recent decision in *Perry v. VHS San Antonio Partners, L.L.C.*, 990 F.3d 918, 932 (5th Cir. 2021), forecloses Plaintiff's § 1981 claim, which alleges that Defendant interfered on the basis of race with various contracts to which Defendant was not a party. In particular, Plaintiff contends that Defendant interfered with (1) a contract between Plaintiff and Butler America and (2) contracts between Plaintiff and individual telecommunications technicians. Docket No. 296 at 3. Under *Perry*, one who is not a party to a contract

1

is not liable under § 1981 unless the non-party and a contracting party are "essentially one and the same." 990 F.3d at 933.

On August 10, 2021, Judge Mitchell issued a Report and Recommendation recommending that the Court grant Defendant's motion and dismiss Plaintiff's § 1981 claim under *Perry*. Docket No. 307. Because Plaintiff failed to show that Defendant was "essentially one and the same" as Butler or any of the technicians, the Report found that Defendant could not be liable under § 1981. Plaintiff objected. Docket No. 313.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

Plaintiff objects that the Court should perform a "control" analysis in determining whether Defendant and a contracting party are "essentially one and the same." Docket No. 313 at 2 (citing *Bellows v. Amoco Oil Co.*, 118 F.3d 268 (5th Cir. 1997)). But as the Report explained, "while pre-*Perry* authority shows some focus on the third party's control, *Perry* did not assess control in its determination of whether VHS and PICCS were 'essentially one and the same.'" Docket No. 307 at 13 (citing *Perry*, 990 F.3d at 932–33). Further, the facts here are strikingly similar to

2

those in *Perry*, in which the Fifth Circuit rejected the § 1981 claim against the contractual non-party. *See id.* at 13–14; *see also Perry*, 990 F.3d at 922–24. Accordingly, Plaintiff cannot recover on its § 1981 claim against Defendant based on the contracts at issue here.

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly, the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket No. 307) as the opinion of the District Court. The Court **GRANTS** Defendant's motion for judgment on the pleadings, or in the alternative, motion for reconsideration (Docket No. 285). Count 9 of Plaintiff's second amended complaint (Docket No. 55)—the § 1981 claim of discrimination and retaliation against Defendant Frontier—is **DISMISSED** with prejudice.

So **ORDERED** and **SIGNED** this **17th** day of **August, 2021.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE